[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
REPORT OF ATTORNEY REFEREE FINDINGS OF FACT
1. At some time prior to 1974, the plaintiff, Richard Rankl, opened a savings account in his of name with the Liberty Bank for Savings, hereinafter referred to as Account #150-208590.
2. In 1974, Virginia Rankl, who was the mother of the defendant, married the plaintiff.
3. In 1975, the plaintiff added Virginia Rankl's name to Account #150-208590. The funds in Account #150-208590 consisted primarily of an inheritance that the plaintiff received from his father's estate and a lump sum retirement fund received upon his retirement from United Aircraft.
4. Virginia Rankl did not contribute any of the funds in Account #150-208590.
5. Virginia Rankl had separate accounts of her own.
6. On August 25, 1986, the plaintiff, Richard Rankl, loaned the sum of $30,000.00 to the defendant, Frank Bradbury.
7. At the time of the loan, the plaintiff withdrew from Account #150-208590 the sum of $30,000.00 in the form of a bank check payable to himself (Plaintiff's Exhibit A).
8. The plaintiff endorsed on the back of the check "loan to Richard CT Page 10256 Bradbury" and signed his name (Plaintiff's Exhibit A).
9. The defendant endorsed the check and used the proceeds as partial payment in the purchase of a restaurant.
10. From July 6, 1987 through November 6, 1988, the defendant made periodic payments on the loan totaling $14,000.00, leaving a remaining balance of $16,000.00.
11. All of the payments were made by the defendant in cash directly to the plaintiff.
12. No payments have been made subsequent to November 6, 1988.
13. On or about August 3, 1989, the plaintiff made written demand of the defendant for payment of the remaining balance of $16,000.00.
14. The defendant claims that at some time in 1988 at a meeting in a restaurant where the plaintiff, the defendant, Virginia Rankl, and the defendant's wife were present that the plaintiff agreed that $15,000.00 of the $16,000.00 would be paid to Virginia Rankl and the remaining $1,000.00 would be paid to himself.
15. The plaintiff denies that such an agreement was ever made.
16. The defendant, subsequent to November 6, 1988, has made no payments either to the plaintiff or to Virginia Rankl.
17. In January of 1989, the plaintiff and Virginia Rankl separated and subsequently a dissolution action was commenced by the latter.
18. Virginia Rankl died on June 3, 1990 while the dissolution action was still pending.
19. Virginia Rankl died testate naming the defendant as her sole beneficiary.
20. The defendant is the fiduciary of Virginia Rankl's estate.
21. Virginia Rankl, during her lifetime, never deposited any funds to Account #150-208590 nor did she ever withdraw any funds from that account except when she separated from the plaintiff in 1989 and withdrew the remaining balance of the account of approximately $8,400.00.
22. It is specifically found that the defendant has not sustained his burden of proving that the plaintiff agreed that $15,000.00 of the remaining indebtedness was to be paid to Virginia Rankl.
23. It is specifically found that the defendant is indebted to the plaintiff in the sum of $16,000.00. CT Page 10257
RECOMMENDATION
It is recommended that judgment enter in favor of the plaintiff against the defendant in the amount of $16,000.00.
WAYNE G. TILLINGHAST ATTORNEY REFEREE